IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA COLEY,                            : | |
|        Plaintiff,        : | |
|                            : | |
| v.                                       : | Civ. No. 10-2663 |
|                            : | |
| MICHAEL J. ASTRUE,                       : | |
|        Defendant.        : | |
|                            : | |

**O R D E R**

Plaintiff Sheila Coley seeks review of the Social Security Commissioner's denial of her claim for disability insurance benefits and supplemental security income. *(Doc. No. 3.)* I referred the matter to the Magistrate Judge for a Report and Recommendation. *(Doc. No. 18.)* For the following reasons, I will overrule Plaintiff's Objections to the Report and Recommendation and enter judgment for the Commissioner.

    **I.**     **BACKGROUND**

In her August 8, 2007 application for benefits, Plaintiff alleged that she has been disabled since January 5, 2004. *(R. at 103-11.)* The Social Security Administration denied the application on January 24, 2008, and, on July 22, 2009, the Administrative Law Judge held a hearing at Plaintiff's request. *(R. at 56, 15.)* Represented by counsel, Plaintiff testified at the hearing, as did a vocational expert. *(R. at 56-66, 23-47.)*

The ALJ found that Plaintiff has the following impairments: degenerative disc disease, degenerative joint disease, chondromalacia, and knee pain. *(R. at 17-21.)* The ALJ found that Plaintiff has the "residual functional capacity to perform the full range of light work . . . in that the claimant is able to lift/carry up to 20 pounds occasionally and 10 pounds frequently; stand

and walk for about 6 hours in an 8 hour workday; and sit about 6 hours in an 8 hour workday." *(R. at 20.)* The ALJ also found that Plaintiff is capable of performing sedentary work. *(R. at 21.)* Finally, the ALJ found that a significant number of light and sedentary work positions are available in the national and local economies. *(R. at 20-21.)* Accordingly, on October 28, 2009, the ALJ concluded that Plaintiff is not disabled. *(R. at 22.)*

On April 2, 2010, the Appeals Council affirmed, and Petitioner filed this action challenging the Commissioner's decision. *(Doc. No. 3.)* The Magistrate Judge recommended denying Plaintiff's claim and Plaintiff timely objected. *(Doc. Nos. 21, 22.)* The Commissioner has responded. *(Doc. No. 23.)*

## II.     LEGAL STANDARD

The ALJ's decision must be upheld if supported by "substantial evidence." Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)).

In evaluating a claimant's credibility, the ALJ is required to indicate the testimony she rejected and the basis of her findings. See Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999). When discrediting a claimant, the ALJ may rely on, *inter alia*, discrepant medical evidence and the claimant's inconsistent statements. See 20 C.F.R. § 404.1529 (2011); Chandler v. Comm'r of Soc. Sec. Admin., 667 F.3d 356, 363 (3d Cir. 2011) ("Although 'any statements of the individual concerning his or her symptoms must be carefully considered,' the ALJ is not required to credit them.") (quoting SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996).

I must review *de novo* each issue addressed by the Magistrate Judge to which Plaintiff has raised a timely and specific objection. 28 U.S.C. § 636(b)(1) (2002); see also Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). I may "accept, reject, or modify, in whole or in part, the [Magistrate Judge's] findings and recommendations." 28 U.S.C. § 636(b)(1). It is also within my discretion to rely on the Magistrate Judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. 667, 676 (1980).

### III.   DISCUSSION

Plaintiff contends that the Magistrate Judge erred in affirming the ALJ because the ALJ failed to explain: (1) her decision that Plaintiff can perform sedentary work; (2) the purported ambiguity created by the consultative examiner's report; and (3) her rejection of the treating chiropractor's opinion. *(Doc. No. 22.)*

   A.   *The Magistrate Judge's Analysis of the ALJ's Rationale Respecting Sedentary Work*

Plaintiff argues that the ALJ did not explain why Plaintiff can perform sedentary work, and that in explaining the ALJ's conclusion, the Magistrate Judge improperly substituted his reasoning for that of the ALJ. *(Id. at 4-5.)*

There are five categories of residual functional capacity: sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567. Each category encompasses the previous categories; i.e. light encompasses sedentary; medium encompasses light and sedentary, etc. 20 C.F.R. §§ 404.1567(b); 416.967(b); see also Ahmad v. Astrue, No. CIV.A.11-1342, 2012 WL 5463676, *8 n.27 (M.D. Pa. Nov. 8, 2012). When assessing a claimant's RFC, an ALJ must "include a *narrative discussion* describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities,

observations)." SSR 96-9p, 1996 WL 374184 (July 2, 1996) (emphasis added).

Here, because the ability to perform light work encompasses the ability to perform sedentary work, the ALJ sufficiently explained why Plaintiff has the RFC to perform sedentary work through her analysis of why Plaintiff can meet light work requirements. The ALJ cited to specific medical facts, including: medical documents from January 5, 2004; Dr. Eugenio's report from August 31, 2007, Dr. Lewis' notes and x-rays; Dr. Warren's consultative examination on January 10, 2008; and an assessment by a Disability Determination Services non-physician adjudicator. *(R. at 19-20.)* The ALJ also discussed non-medical evidence, including Plaintiff's background and daily activities. *(R. at 19.)* The ALJ relied on this medical and non-medical evidence to support her conclusion that Plaintiff is capable of performing light work. *(R. at 20.)* This necessarily means Plaintiff can also perform sedentary work. See 20 C.F.R. § 404.1567 ("[I]f someone can do light work, we determine that he or she can also do sedentary work"). Accordingly, the ALJ provided the "narrative discussion" required by Social Security Ruling 96-8p for both light work and sedentary work.

Plaintiff asserts that in violation of the Chenery doctrine, the Magistrate Judge inappropriately substituted his analysis for that of the ALJ. *(Doc. No. 22 at 5)*; Sec. & Exch. Comm'n v. Chenery Corp., 318 U.S. 80, 87 (1943). Plaintiff is simply incorrect. Under Chenery, a Magistrate Judge may not substitute his reasoning for that of the ALJ. Chenery Corp., 318 U.S. at 87; see also Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (applying Chenery to social security cases). The Magistrate Judge may, however, review the record to determine whether the ALJ's reasoning is supported by substantial evidence. Schaudeck, 181 F.3d at 431. Here, the Magistrate Judge did just that—he discussed evidence relied upon by the ALJ. *(Cf. (Doc. No. 21 at 7-9) (discussing consultative examiner's*

*assessment); (R. at 19-20) (citing exhibit 3F, consultative examiner's assessment).)* Thus, the Magistrate Judge has not substituted his own analysis for that of the ALJ. Cf. Gaul v. Barnhart, No. CIV.A.07-351, 2008 WL 4082265, at *7 (E.D. Pa. Aug. 25, 2008) (Magistrate Judge properly reviewed and summarized evidence *presented to the ALJ* in determining whether ALJ's findings were supported by substantial evidence).

Accordingly, I overrule Plaintiff's objection.

B. *Consultative Examination Report*

Plaintiff objects to the Magistrate Judge's agreement with the ALJ that Plaintiff could perform sedentary work. *(Doc. No. 22 at 6-7.)* Plaintiff contends the ALJ's conclusion is incorrect because the ALJ relied on an ambiguous report by the consultative examiner.

Work is sedentary "if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). "Occasionally" is defined as "occurring from very little up to one-third of the time"; accordingly, "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251 (1983).

Plaintiff argues that the consultative examiner's conclusion that Plaintiff could stand for one to two hours per eight-hour workday creates "ambiguity" that must be explained by the ALJ because the examiner did not specify the exact amount of time Plaintiff could stand. *(Doc. No. 22 at 6-7.)* Plaintiff misreads the regulations and the record. The regulations provide that a claimant who qualifies for sedentary work may not be made to stand or walk for *more than* two hours. SSR 83-10. I agree with the Magistrate Judge that the consultative examiner's assessment that Plaintiff can stand or walk for *up to* two hours plainly qualifies her for such work. Accordingly, Plaintiff's objection is overruled.

C.  *Chiropractor's Opinion*

Plaintiff argues that the ALJ erred by failing to explain her rejection of the treating chiropractor's opinion. *(Doc. No. 22 at 7-8.)* The Magistrate Judge affirmed the ALJ's crediting of other medical evidence that contradicted the chiropractor's opinion. *(Doc. No. 21 at 12-13.)*

The chiropractor opined that Plaintiff is "totally disabled." *(R., Ex. 1F at 171.)* Such a legal determination is reserved to the Commissioner. 20 C.F.R. 416.927. The ALJ may not "give any special significance to the source of an opinion on an issue reserved to the Commissioner." 20 C.F.R. 404.1527. In fact, although the ALJ may not wholly ignore such opinions, the ALJ may give the opinions "little or no weight." See SSR 96-5p; Laurie Sternberg v. Comm'r of Soc. Sec., 438 Fed. App'x 89, 97 (3d Cir. 2011).

I agree with the Magistrate Judge that the ALJ adequately explained her rejection of the chiropractor's opinion. The ALJ noted that although, consistent with 20 C.F.R. 404.1527, she did not give special significance to the chiropractor's opinion, she certainly considered the chiropractor's medical records and reports. *(R. at 19.)* The ALJ compared the chiropractor's report with the consultative examiner's assessment and other medical evidence. *(R. at 19-20.)* Finally, the ALJ concluded that "[w]hile the record supports some of the claimant's complaints, there are no findings to support any *totally disabling* allegations." *(R. at 20) (emphasis added.)* I agree with the Magistrate Judge that the ALJ considered the chiropractor's evidence, but chose to credit other medical evidence. Accordingly, Plaintiff's objection is overruled.

**IV.    CONCLUSION**

Substantial evidence supports the ALJ's decision. Hartranft, 181 F.3d at 360. Accordingly, I will overrule Plaintiff's Objections and adopt the Report and Recommendation upholding the ALJ's denial of Plaintiff's claims to supplemental security income and disability insurance benefits.

**AND NOW**, this 8th day of January, 2013, upon consideration of Plaintiff's Request for Review, Defendant's Response, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections to the Report and Recommendation, it is hereby **ORDERED** as follows:

1. Plaintiff's objections *(Doc. No. 22)* are **OVERRULED**;
2. The Report and Recommendation *(Doc. No. 21)* is **APPROVED** and **ADOPTED**;
3. Plaintiff's Amended Request for Review *(Doc. No. 16)* is **DENIED**;
4. The decision of the Commissioner which denied disability insurance benefits and supplemental security income to Plaintiff is **AFFIRMED;** and
5. The Clerk of Court shall **CLOSE** this case for statistical purposes.

                                                   **AND IT IS SO ORDERED.**

                                                 */s/ Paul S. Diamond*
                                                 _____
                                                 Paul S. Diamond, J.